**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ALBERT G. GIVENS, #233-854            *
Petitioner                                            *
                                                          *
   v.                                            *            Civil Action No. JFM-06-1842
                                                          *
JAMES SMITH, Warden, *et al.*             *
Respondents                                       *

**<u>MEMORANDUM</u>**

     Before the court is a pro se petition for writ of habeas corpus filed by Albert Givens, a state

prisoner confined at the Jessup Correctional Institution, challenging the denial of his pretrial motion

to dismiss by the Circuit Court for Anne Arundel County as violating his right against double

jeopardy.  For the reasons that follow, the court will construe the petition under 28 U.S.C. §2241,

and dismiss it without prejudice to refiling his claims under 28 U.S.C. §2254 after exhausting his

state court remedies.

**I.  Background**

    **A.  Factual**

     On April 14, 1993, Givens was convicted of  first-degree murder in the death of Marlene

Kilpatrick of Arnold, Maryland.  The Court of Special Appeals summarized the facts in part as

follows:

>     On January 3, 1992, Mrs. Kilpatrick's daughter, disturbed because she
> could not reach her mother by telephone since the evening of January 1, went
> to her mother's home to check on her.  She found newspapers in the driveway,
> mail in the mailbox and the kitchen door ajar.  She found that her mother's car,
> her keys, and her purse were missing.  Inside the home, a trail of blood led
> from the kitchen to the bedroom, where Mrs. Kirkpatrick's lifeless body was
> found. The telephone line to the house had been cut.
>     The murder was unusually gruesome. Mrs. Kilpatrick's body was lying
> on her bedroom floor, nude from the waist down.  Her underpants were found
> in the kitchen doorway. A knife lay on her chest, next to a "gaping hole."  A
> second knife was embedded in her right breast.  Blood was on the telephone

receiver, which was lying on the floor near her body.  On the bed was a partially empty jelly jar, with some of the jelly smeared onto Mrs. Kilpatrick's vaginal area.  A 16-ounce Sprite bottle protruded from Mrs. Kilpatrick's vagina.  There appeared to be blood in the bottle.

Resp.  Ex. 7, p. 4.

### B.  Procedural

The lengthy procedural history of this case was summarized in part by the Maryland Court

of Special Appeals.

On April 14, 1993, the appellant, Albert Gustave Givens, was originally convicted, in the Circuit Court for Anne Arundel County, of murder in the first degree.  That conviction was affirmed by an unpublished opinion of this Court.  *Givens v. State*, (No. 1730, September Term, 1993, filed on May 25, 1994).  The appellant was, however, granted a new trial as a result of a post-conviction petition hearing.  A second trial of the appellant resulted in a hung jury.

A third trial was held before Judge Philip T. Caroom and a jury in January, 2004.  The appellant was again convicted of first-degree murder.  On an evidentiary ground, however, this Court reversed that conviction.  *Givens v. State*, (No. 88, September Term, 2004, filed on April 19, 2005).[1]

Prior to his fourth trial, the appellant moved to have the murder charge against him dismissed on the ground of double jeopardy.  Judge Caroom denied that motion[2] and this appeal followed.

Resp.  Ex. 7, p. 1.[3]   On April 3, 2006, the Court of Special Appeals affirmed denial of the pretrial

---

[1] The Court of Special Appeals reversed on issues concerning the admissibility of expert testimony, not on the grounds of sufficiency of evidence, and noted that under *Ware v. State,* 360 Md. 650, 708-09 (2000), retrial was permitted. Resp. Ex. 6, n. 3.

[2] The trial court denial the motion on June 26, 2006. Paper No. 4.

[3] Givens filed a petition for federal habeas corpus relief in September of 2000.  On September 28, 2000, this court dismissed that petition as moot because Givens had been granted a new trial by the state court. *See Givens v. Conroy, et al.,* Civil Action No. JFM-00-2913 (D. Md.).

motion to dismiss for double jeopardy.[4]  Givens filed for writ of certiorari in the Court of Appeals

of Maryland.  On June 16, 2006,  certiorari review was denied.  On April 4, 2006, while Givens's

pretrial appeal was still pending, his fourth trial ended in mistrial.

A fifth trial was conducted.  On December 6, 2006, a jury sitting in the Circuit Court for

Anne Arundel County convicted Givens of first-degree murder.  On January 8, 2007, the trial court

imposed a life sentence without parole.  A three-judge panel in the Circuit Court affirmed the

conviction and sentence on May 18, 2007.[5]

## II. Analysis

Federal habeas corpus relief for a state prisoner is generally available after completion of

trial and post-conviction remedies.  Pre-trial petitions for habeas corpus are properly brought under

28 U.S.C. §2241 which " applies to persons in custody regardless of whether final judgment has

been rendered and regardless of the present status of the case pending against them." *United States*

*v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 818 F.2d 220, 224 (5th

Cir. 1987).  "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution" is not

attainable through federal habeas corpus.  *Dickerson*, 816 F. 2d at 226.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court ruled that a federal court

---

[4] The Court of Special Appeals found Givens's claim was properly described as a claim for collateral estoppel or fact preclusion rather than double jeopardy.  The collateral estoppel claim was based on the fact that at the conclusion of the first jury trial the judge granted Givens's motion for a judgment of acquittal as to all counts except for first-degree and second-degree murder.  The dismissed counts were charges of sexual offense, armed robbery, and theft.  Givens proffered that the judgment of acquittal on the sexual offense and robbery charges constituted a necessary finding of fact that the evidence was insufficient to place him at the crime scene. The appellate court found the trial judge's ruling did not support this argument.  Resp. Ex. 7, pp. 2-7.

[5] This information was provided by respondents' counsel to court personnel by telephone on July 25, 2007.

should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied relief. *See Younger*, 401 U.S. at 43-44.

"In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Commission on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). Further, the Supreme Court has recognized that a federal court may disregard *Younger* only where: 1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; 2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or 3) other extraordinary circumstances exist that present a threat of immediate or irreparable injury. *See Nivens v. Gilchrist*, 444 F. 3d 237, 241 (4th Cir. 2006).

In light of the above, the court finds that application of the abstention doctrine is appropriate. The court will dismiss the claim raised in this petition without prejudice to later refiling in a 28 U.S.C. §2254 petition for writ of habeas corpus.[6] Plaintiff should be aware that he must exhaust available state court remedies before filing for federal habeas corpus relief.[7] Additionally, a one-

---

[6] The Clerk will mail a 28 U.S.C. §2254 forms and information packet to petitioner.

[7] The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To

4

year limitations period applies to §2254 petitions.[8]  *See* 28 U.S.C. § 2244(d).

In the event petitioner intends to seek §2254 relief once state court remedies are exhausted,

---

exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  *See* Md. Crim. Proc. Code Ann. §7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.

[8]This section provides:

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

the court encourages him to file for appointment of counsel as this case poses complex substantive

and procedural legal issues.

## III.  Conclusion

The court will dismiss the petition without prejudice.  A separate order follows.


August 3, 2007                          __/s/_____
Date                                       J.  Frederick Motz
                                           United States District Judge